IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROGER FRANCEL EVANS, JR. | * | |
| Petitioner, | * | Civil Action No. RDB-13-1392 |
| v. | * | Criminal Action No. RDB-11-34 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Petitioner Roger Francel Evans, Jr. ("Petitioner" or "Evans") pled guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846, pursuant to a plea agreement.  Re-arraignment, ECF No. 48. That plea agreement specifically provided that because of a prior felony narcotic conviction he was subject to a mandatory minimum sentence of at least ten years (120 months). Plea Agreement, ECF No. 49. Petitioner was sentenced to a total of one-hundred twenty (120) months incarceration, representing the statutorily mandated minimum sentence, in accordance with his plea agreement. *See* ECF No 60. Evans was initially permitted self-surrender by Judge Benson E. Legg of this Court,[1] but was ultimately arrested in Hagerstown, Maryland for attempted carjacking prior to the commencement of the sentence in this case. Petitioner filed the subject Motion to Vacate, Set Aside or Correct Sentence ("Motion to Vacate" or "Motion") pursuant to 28 U.S.C. § 2255 (ECF No. 80). Petitioner challenges his sentence on the grounds that the Government improperly enhanced

---

[1] This case was ultimately reassigned to the undersigned judge.

his sentence pursuant to 21 U.S.C. § 851 and that he received ineffective assistance from counsel such that his Sixth Amendment rights were violated.

Petitioner also filed a Supplement to his Motion to Vacate (ECF No. 83) and a Motion for Leave to Amend the Motion to Vacate (ECF No. 86). Subsequently, the United States filed a Response to Defendant's Motion (ECF No. 90). Petitioner filed a Motion for Extension of Time to File Reply to Response (ECF No. 91) and a Reply brief (ECF No. 92). Finally, Petitioner requested a status update in correspondence with this Court (ECF No. 93).

There are therefore three motions pending before this Court. Petitioner's Motion for Leave to Amend (ECF No. 86) is GRANTED and Petitioner's Motion for Extension of Time to File Reply to Response (ECF No. 91) is GRANTED *nunc pro tunc*.[2] This Court will address Petitioner's amended arguments and response in conjunction with those claims set out in his original Motion. Upon review of the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Petitioner's Motion to Vacate (ECF No. 80) is DENIED.

## BACKGROUND

Petitioner Roger Francel Evans, Jr. ("Petitioner" or "Evans") was charged in counts one, three and four of a four-count indictment in this case. Specifically, he was charged with one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, 28 grams or more of cocaine base ("crack cocaine"), and a quantity of marijuana in violation of 21 U.S.C. § 846 (Count I), one count of knowingly and

---

[2] Petitioner's reply was originally due on December 2, 2013. Petitioner filed the pending Motion for Extension (ECF No. 91) on November 25, 2013, and filed his reply on December 9, 2013 (ECF No. 92).

intentionally possessing with intent to distribute 28 grams of cocaine base and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count III), and one count of knowingly and intentionally possessing with intent to distribute 500 grams or more of cocaine and a quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841 (B)(1)(B) (Count IV). Indictment 1, 4–5, ECF No. 1.

Petitioner secured private counsel (ECF No. 29) and began plea negotiations with the Government. Def.'s Mot. for Leave to Am. 8, ECF No. 86. If convicted at trial of the amount charged in the indictment (five kilograms of cocaine), Evans would have faced a minimum mandatory ten years imprisonment, and twenty years if the Government filed a § 851 enhancement for Evans' prior felony drug conviction. Resp't's Mot. Dismiss 8, ECF No. 90. Instead, the Government offered that Evans could plea to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine, carrying a five-year sentence, in exchange for cooperation. Supp. Mot. to Vacate 9, ECF No. 83. Petitioner was unwilling to cooperate with the Government. Pet'r's Mot. to Vacate, ECF No. 80. Subsequently, the Government enhanced his potential sentence with a notice provided pursuant to 21 U.S.C. § 851. Notice, ECF No. 41. The enhancement increased the mandatory minimum incarceration period under the plea agreement from five to ten years.

On November 18, 2011, pursuant to the plea agreement, Evans pled guilty to conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine—the same drug amount in the Government's original offer . Plea Agreement, ECF No. 49. The remaining counts were dismissed. ECF No. 60. The plea agreement stated that Petitioner understood that because of his prior felony narcotic conviction, his sentence

increased from the minimum mandatory five years to a minimum mandatory ten years imprisonment. *Id.* On March 30, 2012, Petitioner was sentenced to a term of imprisonment of ten years, or one hundred and twenty (120) months. Sentencing, ECF No. 59. The presiding Judge, the Honorable Benson E. Legg, signed the judgment on April 2, the order was filed on April 3, and judgment was entered against Petitioner on April 4, 2012. ECF No. 60. Evans did not exercise his right to appeal within the 14-day period, which ended on April 18, 2012. *Id.*

On May 10, 2013, Petitioner sent a letter to this Court claiming ineffective assistance of counsel and prosecutorial misconduct. Mot. to Vacate, ECF No. 80. This Court responded by informing Evans that it would treat the letter as a Motion to Vacate under 28 U.S.C. § 2255 and ordered a supplemental filing.  Order, ECF No. 81. On June 17, 2013 Petitioner filed a Supplement to his Motion to Vacate (ECF No. 83) and on July 26, 2013 a Motion for Leave to Amend (ECF No. 86).[3] The United States filed a Response to Defendant's Motion. (ECF No. 90). Subsequently, Petitioner filed a Motion for Extension of Time to File Reply to Response (ECF No. 91) and a Reply to the Government's Motion to Dismiss (ECF No. 92). Finally, Petitioner requested a status update in correspondence to this Court (ECF No. 93).

## DISCUSSION

Petitioner's Motion to Vacate fails both for procedural reasons and on the merits. This Court will first address the Motion's timeliness under the statute of limitations set forth

---

[3]The Government has not opposed this Motion to Amend. Moreover, Rule 15(a) of the Federal Rules of Civil Procedure instructs that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the Government's lack of opposition to the Motion, this Court GRANTS Petitioner's Motion to Amend (ECF No. 86).

in 28 U.S.C. § 2255(f). Notwithstanding the untimeliness of the Motion, this Court will then address the merits of Petitioner's claims of prosecutorial misconduct and ineffective assistance of counsel. This Court recognizes that Petitioner is *pro* se and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. Timeliness of Petitioner's Motion

### A. Limitations Period

A one-year period of limitation applies to Motions to Vacate, Set Aside or Correct under 28 U.S.C. § 2255(f). In this case, the pertinent part of the statute provides that the one-year period begins to run from when the judgment of conviction became final. 28 U.S.C. § 2255(f)(1); *Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 54 (1989) (noting that finality in the context of a criminal prosecution is defined by a judgment of conviction and the imposition of a sentence).

In the present case, the Petitioner's judgement became final when his time for filing an appeal expired. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (judgment becomes final when time to seek review expires). Judgment was entered against petitioner on April 4, 2012 and therefore petitioner's judgment of conviction became final two weeks later when his time to appeal expired. *See* Fed. R. App. P. 4(b)(1)(A); Judgment, ECF No. 60. Thus, Petitioner had until April 18, 2013 to file a timely § 2255 motion. Petitioner did not send his letter of correspondence, which this Court treated as a § 2255 Motion to Vacate, until May 10, 2013. *See* Mot. to Vacate, ECF No. 80, Order, ECF No. 81. Under these circumstances, when Petitioner filed the instant Motion on May 10, 2013, the one-year limitations period had expired. *See Rouse v. Lee*, 339 F.3d 238, 253 (4th Cir. 2003) ("Failure to adhere to the

AEDPA's precise filing deadlines, however, even 'by only a few days,' 'would make navigating [the] AEDPA's timetable impossible." (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002))).

## B. Equitable Tolling

The one year limitation period is subject to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court stated that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Generally, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (citations omitted); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("if attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction…."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' . . . attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012); *see also Maples v. Thomas*, --U.S.--, & n. 7. 132 S.Ct. 912 (2012) (noting a prisoner should not "be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him").

Petitioner asserts that he is entitled to equitable tolling of the statutory filing deadline because his lawyer's refusal to respond to numerous communications thwarted his diligent pursuance of his rights. Pet'r's Mot. to Vacate 1, ECF No. 80. Specifically, Evans claims that his lawyer ignored eleven letters (eight of which were notarized) and several voicemails concerning his § 2255 motion. *Id.* In addition, Evans claims that his counsel ignored his Case Manager's communications as well and that he was unable to access his transcripts without his counsel. *Id.* at 4.

Principles of equity do not mandate tolling in this case, because Petitioner does not demonstrate the kind of extraordinary circumstances that would require tolling the April 18, 2013 deadline. Petitioner did not face any actual barriers that prevented him or delayed him from filing his Motion; Petitioner simply failed to file his *pro se* Motion on time. Petitioner alleges generally that his counsel ignored him, without any declarations by Evans' case manager, copies of the letters Petitioner indicates that he wrote to his counsel, or the dates on which Petitioner attempted to contact counsel. *See O'Neil v. United States*, 2014 WL 2505650, 3 (D. Md. 2014); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) ("[T]he allegations supporting equitable tolling must be specific and not conclusory."). Nor does Petitioner claim that he relied on any promises made by counsel that a motion was being filed on his behalf, or allege any other specific conduct indicating counsel's actions prevented Petitioner from filing his motion on time. *Compare Koons v. United States*, 995 F. Supp. 2d 905 (N.D. Iowa 2014) (granting equitable tolling because assurances on multiple occasions that counsel would file petitioner's motion on time prevented the petitioner from timely filing her own motion until after the deadline) with *Muhammad v. United States*, 735

7

F.3d 812 (8th Cir. 2013) (denying equitable tolling because despite petitioner's allegations that counsel did not respond to telephone calls or letters regarding petitioner's motion to vacate, counsel also never assured petitioner a motion was being filed).

Petitioner had one year to file the pending motion. In cases of unrepresented prisoners, ignorance of the law is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Without any reasonable reliance on his counsel, Petitioner does not show why he could write a letter to this Court on May 5, 2013, which the Court received on May, 10, 2013, rather than April 18, 2013 or earlier. In conclusion, 28 U.S.C. § 2255(f) bars Petitioner's Motion to Vacate (ECF No. 80) because Petitioner did not file his Motion in a timely fashion and equitable tolling does not apply. In the following sections, however, this Court will nevertheless address the merits of Petitioner's claims.

## II. Vindictive Prosecution

Petitioner claims that his decision to plead guilty was not "a voluntary and intelligent choice" because the Government vindictively filed an improper sentencing enhancement that tricked and mislead him into pleading guilty.[4] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); Pet'r's Supp. to Mot. to Vacate 9, ECF No. 83-1. "Plea bargaining flows from 'the mutuality of advantage' to both parties," each with their own reasons, "for wanting to avoid trial." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (citing *Brady v. United States*, 397 U.S. 742, 752 (1969)). Accepting the legitimacy of plea bargaining requires the "rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the

---

[4] In Petitioner's Motion for Leave to Amend (ECF No. 86) Petitioner asks the Court to withdraw his prosecutorial misconduct claim and re-allege the same as a Sixth Amendment claim for ineffective assistance of counsel. As prosecutorial misconduct is an independent ground for a § 2255 claim, the Court has treated it as such. As the Court finds no vindictive prosecution in the use of the § 851 enhancement, there is no claim for ineffective assistance for counsel's failure to object to its use.

bargaining process." *Id.* "While confronting a defendant with the risk of a more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible—'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.'" *Id.* at 364 (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973)). By condoning plea negotiations, the Court necessarily accepts that the prosecution's interest in plea-bargaining is to persuade the defendant to plead guilty. *Id.* at 364. The Supreme Court has therefore given deference to pretrial charging decisions, placing it within prosecutorial discretion when and if to file criminal charges. *See United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006) ("The presumption of vindictiveness does not apply to pretrial decisions by the prosecution because '[a] prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the social interest in prosecution.'" (quoting *United States v. Goodwin*, 457 U.S. 368, 382 (1982))).

In the present case, it was within the Government's discretion to attach a § 851 enhancement for Evans' prior felony drug conviction, and therefore the Government's did not engage in "vindictive prosecution". *See Hearne v. United States*, 2014 WL 897004, 9 (M.D.N.C. 2014) (holding that the AUSA did not violate the defendant's constitutional rights by filing an information of prior conviction that would have led to enhanced penalties, and noting that "[t]he Fourth Circuit has specifically held that a prosecutor may legitimately seek an enhanced penalty under 21 U.S.C. § 851 if the defendant repudiates a plea agreement" (citing *United States v. Morsley*, 64 F.3d 907, 920 (4th Cir. 1995))); *see also United States v. Jenkin*, 537 F.3d 1, 4 (1st Cir. 2008) (dismissing a prosecutorial vindictiveness claim

when negotiations for a plea agreement that included a non-filing of a § 851 enhancement notice fell through and the Government then filed the § 851 enhancement prior to a subsequent plea); *United States v. Kent*, 649 F.3d 906 (9th Cir. 2011) (holding defendant failed to establish actual vindictiveness or a presumption of vindictiveness when the government filed a statutory enhancement after defendant elected to plead guilty without a plea agreement).

If Evans had proceeded to trial and was found guilty of the amount charged in the indictment (five kilograms of cocaine), he would have faced a mandatory minimum of ten years imprisonment. If the Government filed a § 851 enhancement for Evans' prior felony drug conviction, he would have faced a mandatory minimum of twenty years imprisonment. During plea negotiations, the Government initially offered Evans a five-year sentence if he pled guilty to 500 grams of cocaine and agreed to provide the Government with "substantial assistance." Resp't's Mot. Dismiss 8, ECF No. 90; Pet'r's Supp. to Mot. to Vacate 9, ECF No. 80. Evans refused, deciding he would plead guilty but not cooperate further. Resp't's Mot. Dismiss 8, ECF No. 90. As a result, the government filed a § 851 enhancement due to Evan's prior felony drug conviction but left open the option of a guilty plea involving 500 grams of cocaine. *Id.* Although the drug amount of the plea offer remained the same, the enhancement increased the mandatory minimum penalty from five to ten years. *Id.* On November 18, 2011, Petitioner signed the plea agreement stipulating the notice of enhancement and minimum ten-year sentence. Plea Agreement, ECF No. 49. Since "there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer," the prosecution's use of the § 851 enhancement during plea

10

negotiations fits within permissible prosecutorial discretion during the pretrial process. *Bordenkircher*, 434 U.S. at 363. Accordingly, Petitioner's claim of prosecutorial misconduct fails.

## III. Ineffective Assistance of Counsel

Petitioner asserts two grounds for habeas relief based on ineffective assistance of counsel. Petitioner's first allegation is that his counsel allegedly failed to review the Presentence Investigation Report and its implications with him prior to sentencing. Petitioner's second allegation is that his counsel failed to object to the constitutionality of the § 851 enhancement of his sentence.

### A. Standard of Review

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel Petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984); *see also United States v. Rangel* 781 F.3d 736, 742 (4th Cir. 2015). The first, or "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second, or "prejudice" prong, requires Petitioner to demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687. When a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater. In *Hooper v. Garraghty*, 845 F.2d 471 (1988), the Fourth Circuit explained: "Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial.'" *Id.* at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The Fourth Circuit has noted that there is no reason to address both prongs of the *Strickland* test if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a failure to satisfy either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697.

### B. Alledged failure to review the Presentence Investigation Report

The "performance" prong requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel owes criminal clients an overarching duty "to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Id.* (citing *Powell v. Alabama*, 287 U.S. 45, 68–69 (1932)). There is a strong presumption that defense counsel's representation was competent. *Id.* at 689. While it is mandatory for defense counsel to review the presentence report with the defendant, the Court is not required to expressly ask if counsel has reviewed the report with his client. *United States v. McManus*, 23 F.3d 878, 885 (4th Cir. 1994).

Evans argues that because his counsel allegedly failed to review the Presentence Investigation Report and its implications with him prior to sentencing, he did not understand that he was pleading guilty to the § 851 enhancement. *Id.* In essence, Petitioner claims that his counsel failed to fulfill his duty to consult with Petitioner on the important

decision of pleading and that his counsel's failure deprived Evans of the fair trial he would have chosen instead of pleading guilty.

According to the transcript of the guilty plea, Evans was satisfied with his counsel after the plea negotiations and understood and voluntarily agreed to every part of the plea agreement. *See* Re-arraignment Hr'g Tr., ECF No. 90-1.[5] The lengthy discussion of the presentence report between the Court and Evans demonstrates that Evans understood that he had pled guilty to an enhanced charge and faced a mandatory minimum sentence of ten years imprisonment. *See id*;[6] *see also McManus*, 23 F.3d at 885 (finding that statements on the record can demonstrate that a client reviewed the presentencing report with his counsel).

While Evans alleges that his lawyer did not review the presentence report, there is no indication in the record that his counsel failed to explain the report to him. During sentencing, Evans' counsel stated that "I advised the client that if the 851 was filed, that would bring in the subsequent offender mandatory sentencing." *See* Sentencing Hr'g Tr., ECF No. 90. Later during the proceedings, the government explained why it could file the § 851 enhancement after Petitioner stated that he was still confused about why his sentence was enhanced despite being told why "several times." *Id.* Thereafter, Petitioner made no objection. *Id.* Evans failed to rebut the strong presumption that his counsel was ineffective; therefore, his claim fails under the first prong of the *Strickland* test.

---

[5] During Petitioner's guilty plea on November 18, 2011, Petitioner affirmed that he had signed and knew the following statement written in the plea agreement to be accurate: "I have read this agreement including the sealed supplement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the factual and advisory guideline stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney." Re-arraignment Hr'g Tr., ECF No. 90-1, at 3.

[6] Defendant responded affirmatively to both "do you understand it's a mandatory minimum of ten years, based upon the fact that you're a subsequent offender" and "even though it's not stated in the plea agreement, the government has agreed that it will recommend a ten-year sentence." Re-arraignment Hr'g Tr.,, ECF No. 90-1, at 5-7

Although it is unecessary in light of *Moore v. Hardee*, this Court also briefly addresses the "prejudice" prong. 723 F.3d 488, 500 (4th Cir. 2013). The "prejudice" prong requires that a defendant demonstrate that his counsel's errors deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When a defendant alleges ineffective assistance after entering a guilty plea, the burden of proving the second prong of prejudice becomes even greater; specifically, "a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner fails to assert any facts or special circumstances that establish a reasonable probability that he would have gone to trial, and faced a potential 20 year mandatory minimum sentence if convicted. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that the defendant failed to allege special circumstances supporting the conclusion that if he had been properly advised on his parole prospects he would have gone to trial instead of pleading guilty). During Petitioner's guilty plea, Petitioner acknowledged that his counsel had discussed the procedures of a trial and that that he understood he was waiving his right to a jury trial. Re-Arraignment Hr'g Tr., ECF No. 90-1, at 7-9. Still, this Court extensively explained the trial procedure to Petitioner. *Id.* As discussed *supra*, Evans demonstrated that he had knowledge of the § 851 enhancement when he discussed it and the corresponding sentence with the Court during Sentencing. Furthermore, this Court explained that if Petitioner elected to go to trial, the government would have to prove a conspiracy to distribute more than five kilograms of cocaine in order for Petitioner to receive a sentence of

14

twenty years. Sentencing Hr'g Tr., ECF No. 90-2. After being advised of all of the above, Petitioner maintained his guilty plea. Counsel's alleged failure to review the presentence report did not deprive Evans of a fair trial. Accordingly, Petitioner fails to satisfy the prejudice prong of the *Strickland* test.

Petitioner failed to satisfy the performance prong and the prejudice prong of *Strickland v. Washington*'s test for ineffective assistance of counsel. As a result, Petitioner's first allegation of ineffective assistance of counsel fails.

### C. Failure to challenge the constitutionality of Petitioner's sentence

Petitioner asserts that his counsel rendered ineffective assistance of counsel by failing to challenge the constitutionality of his sentence enhancement. Specifically, Petitioner contends that the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States*, 133 S.Ct. 2151 (2013) make the use of his prior conviction as a "fact" increasing his mandatory minimum sentence unconstitutional. In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Alleyne*, the Court applied the same rationale when it held that any fact that increases the mandatory minimum sentence of a crime is an element of the crime that must be proved beyond a reasonable doubt. 133 S.Ct. at 2163–64.

Petitioner's reliance on both cases is erroneous. First, both only apply to "facts" that are the result of judicial fact-finding, not a "fact" of a prior conviction. *See United States v. White*, 54 F. App'x. 576, 578 (4th Cir. 2002) ("The *Apprendi* rule simply does not apply to penalty enhancements based on prior convictions."); *see also United States v. Harris*, 741 F.3d

15

1245, 1249 (11th Cir. 2014) ("Nothing in the facts or holding of *Alleyne* indicates that it eliminated *Apprendi's* exception for judicial findings of prior convictions that increase a criminal penalty."); *United States v. Al-Suqi*, 581 F. App'x. 212, 215 (4th Cir. 2014) ("*Alleyne* requires that any fact, other than a prior conviction, that increases the statutory maximum punishment is an element of the offense that must be proved beyond a reasonable doubt.") Second, the *Alleyne* decision does not apply to cases on collateral review and is not retroactive in nature. *See United States v. Stewart*, 540 Fed. App'x 171, 172 (4th Cir. 2013); *see also United States v. Reyes*, 755 F.3d 210, 211 (3d Cir. 2014) *cert. denied*, 135 S. Ct. 695 (2014) (holding that *Alleyne* does not apply retroactively to cases on collateral review); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (declining to apply *Alleyne* retroactively to permit a petitioner to file a second collateral attack). Therefore, having found that Petitioner's trial counsel committed no error, Petitioner's second allegation of ineffective assistance of counsel fails and Petitioner's Motion to Vacate (ECF No. 80) for ineffective assistance of counsel is DENIED.

## CONCLUSION

This Court finds that Petitioner failed to file his Motion to Vacate in a timely fashion. Furthermore, this Court determines that it was within the Government's discretion to file the § 851 enhancement and that Petitioner's *Strickland* claim fails as well. For the reasons stated above, Petitioner's Motion for Leave to Amend (ECF No. 86) is GRANTED, Petitioner's Motion for Extension of Time to File Reply to Response (ECF No. 91) is GRANTED *nunc pro tunc* and Petitioner's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 80) is DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee,* 252 F.3d 676, 683–84 (4th Cir.2001). In this case, reasonable jurists would not find Petitioner's claims debatable; therefore, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        June 12, 2015

                                                          /s/
                                                          Richard D. Bennett
                                                          United States District Judge